## CORR v. MARTIN, TREASURER.

[No. 5,704. Filed May 8, 1906.]

1. TAXATION.—*Time of Listing Personal Property in 1903.—Real Estate.—Statutes.*—Under §§8418, 8419 Burns 1901, Acts 1891, p. 199, §§8, 9, personal property was listed for taxation in 1903 as owned on April 1, and one owning the legal title to real estate of said date became personally liable for the payment of the taxes thereon. p. 658.

2. DEEDS.—*Escrow.—Title.*—A deed held in escrow conveys no title. p. 659.

3. TRIAL.—*Special Findings.—Deeds.—Escrow.—Delivery.*—The delivery of a deed held in escrow is an ultimate fact to be found in terms by the court; and to constitute a delivery there must be an intentional parting with the title. p. 659.

4. DEEDS. — *Delivery.—Recording.—Possession.—Presumptions.*— There is a disputable presumption that a deed in the possession of the grantee, or recorded by the procurement of the grantor, has been delivered. p. 659.

5. TAXATION. — *Bills and Notes.—Mortgages.—Delivery.*—Notes and a mortgage securing same, delivered in part payment of the purchase price of a farm on April 8, 1903, are not assessable against the payee and mortgagee for taxes for the year 1903, although the contract for such land was made prior to April 1, 1903, and the deed held in escrow on such date. p. 659.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Suit by Charles G. Corr against Peter B. Martin, as county treasurer of Monroe county. From a decree for plaintiff for less than prayed, plaintiff appeals. *Reversed.*

*Duncan & Batman* and *Myers & Corr,* for appellant.
*Arthur M. Hadley,* for appellee.

Roby, C. J.—Suit to enjoin the collection of taxes. The court made a special finding at the defendant's request, and stated two conclusions of law thereon, in accordance with which it rendered a judgment enjoining the collection of $62.80 of said taxes, and found for the defendant, as to $141.30 thereof. Appellee did not except to the first conclusion of law, and presents no question thereon. Appellant did except to the second conclusion, and by assignment of error presents for review that part of the judgment based upon such conclusion.

The substance of the facts found, omitting those not necessary to the decision of the questions presented upon this appeal, is as follows: On January 10, 1903, appellant and others entered into a written agreement with one Faris, by which they agreed to convey to him certain real estate situate, described, in Monroe county, and to furnish an abstract of title thereto on or before April 15, 1903, showing a good title in and to said real estate. The entire consideration was payable to appellant. The consideration was $7,000, of which $500 was payable in cash on or before January 15, and $1,000 in cash on or before the execution of the deeds on April 15. The residue of said purchase money to be evidenced by promissory notes secured by mortgage and payable yearly thereafter. That part of said real estate known as the "Ridge farm" to be mortgaged to secure $3,500 of said notes, and the residue to be mortgaged to secure $2,000 of said notes. It was further agreed that the vendors should sign and acknowledge deeds to said real estate immediately, which with said payment of $500, should be placed in escrow in a bank mentioned, to be held by it until abstracts showing good title should be furnished, when said bank was to pay over to appellant said $500, and said deeds were to remain in escrow until April 15, at

which time the further sum of $1,000 was to be paid in cash and the notes and mortgage above mentioned were to be executed and possession of said real estate delivered to the purchaser. In pursuance of said agreement said $500 was paid in January. On February 13 said vendors, with their respective wives, signed and acknowledged deeds and placed them in said bank in escrow according to the terms of said agreement. About the same time said Faris signed notes for $3,500 and signed and acknowledged a mortgage covering the Ridge farm, and placed said notes and mortgage, with a check for $1,000, in escrow in said bank, which said amount of $4,500 was the entire consideration for the Ridge farm. On April 8 he executed two notes for $1,000, each with a mortgage to secure the same on the residue of said real estate, and on said day delivered said notes and mortgage to appellant. "On said day, by agreement of the parties, said deeds theretofore signed and acknowledged by said Corr, Corr and Corr, for all of the real estate above mentioned, and which were held in escrow by the First National Bank, were delivered to said Faris and said mortgage signed and acknowledged by said Faris on February 3, 1903, on the Ridge farm, together with the notes which were secured thereby, with the $1,000 in cash, which were held in escrow by the First National Bank, were delivered to said plaintiff pursuant to the terms of said written contract. Both of said mortgages were recorded on April 11, 1903, in the recorder's office of Monroe county, Indiana." The county treasurer and county auditor of Monroe county thereafter listed and assessed against plaintiff for taxation, for the year 1903, the sum of $6,500, as omitted personal property of plaintiff. "Said $6,500 so assessed is for the alleged indebtedness growing out of said sale of the real estate heretofore set out in the finding other than the $500 cash payment made in January, 1903, and no other property."

Personal property in 1903 was listed for taxation with regard to the quantity and quality held or owned on April 1. §§8418, 8419 Burns 1901, Acts 1891, p. 199, 1. §§8, 9. Appellant, holding the legal title to the real estate described, at that time, became personally liable for the payment of taxes assessed thereon. *Millikin* v. *Reeves* (1880), 71 Ind. 281, 285. The facts, so far as heretofore stated, show appellant to have held the legal title to said real estate on April 1, while the notes and mortgages constituting the alleged indebtedness, on account of which the further assessment was made, were undelivered, not his property, and only to become his property upon conditions which might never exist. This was the holding of the trial court, as expressed by its first conclusion of law. The second conclusion is based upon the following additional details of the transaction: Faris purchased said land for the purpose of reselling it. On February 16 he represented to appellant's attorney that he had a prospective purchaser and that he could sell the same better if the deeds were of record so they could be shown on an abstract of title, and asked permission, for that purpose, to put said deeds of record. Said attorney consented thereto. When said consent was so given, it was not the intention to deliver said deeds or either of them to said Faris, but said consent was solely given for the purpose of assisting him in making a sale of said real estate. On said day said Faris made to a third person a deed of conveyance of that part of said real estate known as the Ridge farm, reciting therein that immediate possession of said premises should be given and that the same was subject to an encumbrance of $3,500 and the taxes of 1903, which deed was recorded July 6, 1903, the deed and the conditions therein being unknown to appellant and his representatives until it was so put on record. Appellant retained possession of all said real estate until April 8, 1903, when possession was surrendered under said contract.

The trial court held, as evidenced by its second conclusion of law, that the $4,500 purchase money for the Ridge farm was properly listed. If the findings show that the transaction to that extent was consummated prior to April 1, the conclusion is correct, otherwise not. This question must be decided as between the original parties to such transaction, and no matter of estoppel which might or might not have arisen between the purchaser from Faris and appellant can in anywise influence it. A deed in escrow, before delivery, conveys no title. *Burkam* v. *Burk* (1884), 96 Ind. 270, 273.

The transaction did not become a completed one until the title of the real estate, in consideration of which notes and mortgage referred to were given, had passed. Delivery of a deed or other instrument is an ultimate fact to be in terms found. *Fifer* v. *Rachels* (1906), 37 Ind. App. 275; *Indiana Trust Co.* v. *Byram* (1905), 36 Ind. App. 6. To constitute a delivery there must be an intention to part with control over the instrument and to place it under the power of the grantee or some one for his use. *Hotchkiss* v. *Olmstead* (1871), 37 Ind. 74; *Indiana Trust Co.* v. *Bryam, supra.*

"If a deed is found in the possession of the grantee, or is recorded by the procurement of the grantor, a delivery will be presumed, but this presumption is not conclusive. Such facts are competent evidence of a delivery. From them there arises a presumption of a fact, which makes a *prima facie* case. This presumption may be overthrown by evidence." *Vaughan* v. *Godman* (1884), 94 Ind. 191.

The finding of the court is explicit that the notes and mortgage were delivered on April 8, and that the deeds for said real estate to Faris were also delivered on that day. The finding that said deeds were recorded on February 16 is qualified by the further finding that such record was not made with the intention of delivery.

Any presumption of delivery which might be insisted upon from the fact of record is immediately overthrown by the statement of an intention which accompanies such finding and is also overcome by the finding of ultimate delivery upon the later date named.

These considerations lead to the conclusion that the notes and mortgage did not become tangible assets until the transaction was finally consummated, and were not therefore subject to taxation.

The judgment is reversed, and the cause remanded, with instructions to restate the second conclusion of law in accordance herewith and to render judgment thereon for appellant.