BRIGHTON BEACH RACING ASS'N v. HOME INS. CO.

(Supreme Court, Appellate Division, Second Department.  June 8, 1906.)

INSURANCE—FIRE POLICY—CHANGE OF TITLE.

There is a change of "title," as well as of "interest" and "possession," within a fire policy declaring it void in case of any change in the interest, title, or possession of the insured property, where insured, the owner in fee of the insured property, makes a contract of sale of it, declaring that deed shall pass when final payment is made, and that the purchaser shall pay all taxes and assessments levied against the property subsequent to contract, and shall have the right to occupy the property before passing of title, as tenant of the seller, without pay, and the purchaser goes into possession and is not in default.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 799.]

Appeal from Special Term, Kings County.

Action by the Brighton Beach Racing Association against the Home Insurance Company.  From a judgment for defendant (93 N. Y. Supp. 654), plaintiff appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and RICH, JJ.

Robert H. Elder, for appellant.

Alfred B. Nathan, for respondent.

RICH, J.  The plaintiff, as assignee of one Dunne, seeks to recover a fire loss on a policy of insurance, in the standard form, issued by the defendant upon realty situated in the borough of Brooklyn, owned in fee simple, at the time the policy was issued, by Dunne.  The policy contains the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if any change other than by the death of the insured take place in the interest, title, or possession of the subject of the insurance (except change of occupancy without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise."

On July 17, 1903, and while the policy was still in force, Dunne entered into an executory contract of sale, by which he agreed to convey to one Harvey O. Dobson, or his assigns, a parcel of land containing upwards of 43 acres, divided, according to the map attached to the contract, into 660 lots, upon one or more of which the insured buildings stood, for a consideration of $109,521.51—$15,000 of which was paid when the contract was signed; $44,463.60, existing mortgage indebtedness, to be assumed by Dobson, and interest thereon from March 17th, four months prior to the date of the contract, paid by him; a second mortgage of $10,297.15 to be given Dunne; and the balance, $39,760.76, to be paid in cash on July 16, 1904, at which time the deed was to be delivered. The agreement contained the following clauses:

"And the said party of the second part hereby agrees to pay all taxes and assessments levied against and becoming a lien upon the said real property, subsequent to the delivery of this contract; ' * * * and the party of the second part shall have the right to occupy any part of the real property hereunder and before passing title, as tenant of the party of the first part, without any pay or rent thereof, and possession of the said real property shall be so given to the party of the second part on the expiration of the existing tenancy on January 1, 1904."

On the day following the execution of this contract, Dunne assigned all his right, title, and interest therein to the appellant, who went into the possession of the property, in accordance with the contract provisions, and thereafter and before the commencement of this action paid the full purchase price and took title to said property. On February 3, 1904, fire destroyed the building, and on November 4th following Dunne assigned to the plaintiff said policy of insurance and all his rights therein. It appears that defendant had no notice of the contract, or of any change of possession or interest in the insured property, until after the loss. The learned trial justice held that the policy became void because of a change of title, interest, and possession in the insured property, caused by the executory contract of sale of the subject of insurance, coupled with the delivery of possession to the assignee of the vendee, which made the latter the equitable owner in fee, and changed both the title, interest, and possession of Dunne.

The decisions of courts of sister states unite in the proposition that one in possession of real property under a valid contract of purchase is the sole and unconditional owner thereof, subject only to the enforcement of payment of the price agreed upon by the holders of the legal title; while the courts of this state have held such a vendee to be the equitable owner of the premises, vendible as his, chargeable as his, capable of being incumbered as his. They may be devised as his. They may be assets. They would descend to his heir, and, while he was living, be insurable as his. Pelton v. Westchester Fire Insur-

ance Co., 77 N. Y. 605, and cases cited; Stewart v. Long Island R. R. Co., 102 N. Y. 601, 624, 8 N. E. 200, 55 Am. Rep. 844; Beckrich v. City of North Tonawanda, 171 N. Y. 292, 299, 64 N. E. 6; Williams v. Haddock, 145 N. Y. 144, 39 N. E. 825. It can hardly be maintained that there can be two sole and unconditional owners of the same property, or two owners legally entitled to exercise the same sole and exclusive rights therein, at the same time; and it is clear that such a change of title was effected by possession given the appellant under the contract of sale as to have avoided the policy of insurance.

Again, it appears beyond reasonable contention that a change in the "interests" and "possession" of Dunne in the insured property accomplished the same legal result. The word "interest" is broader and more comprehensive than the word "title." It embraces both legal and equitable rights. Southern Cotton Oil Co. v. Prudential Fire Association, 78 Hun, 373, 29 N. Y. Supp. 128. The doctrine contended for by appellant, that when the condition is against a change in the "title" there is no breach unless there is a change in the legal title, and that as long as the insured retains the legal title the policy is not avoided by a transfer of the equitable title, cannot be applied to a condition against a change of "interest." The terms are not synonymous. The true test is whether the vendor has parted with the absolute control and dominion over the property insured. If he has, a change in "interest" has been effected, and the policy is void.

I am of the opinion, also, that there was a change in "possession," within the meaning of that word as used in the policy. While it is true that the agreement designates the occupancy of the vendee as that of a tenant of the vendor without pay or rent, it is apparent that the contract gave and secured to him more than the rights and interests of a tenant. He was charged with the liabilities of, and entitled to enforce the rights of, a purchaser in possession, and could not be ejected as a tenant, regardless of such rights. The possession of the vendee was absolute, and exclusive of the vendor, so long as he performed his contract. All the rights of possession of the insured property, held and exercised solely and exclusively by Dunne when he obtained the policy of insurance, he divested himself of by executing the contract and giving plaintiff possession under it. From the time such possession was taken by plaintiff, Dunne had no possession or right of possession while the former performed the contract provisions, and the attempted characterization in the contract of the occupancy of the vendee as that of a tenant did not take from plaintiff its legal rights thereunder as the equitable owner in possession, or have the legal effect of reserving to Dunne the sole and exclusive possession he owned and exercised when the contract of insurance was made with the respondent. As the learned trial justice aptly says:

"Names cannot do away with the nature and substance of things."

It may also be observed that by the policy of insurance, which was a personal contract, the respondent undertook to indemnify Dunne against loss or damage by fire to his buildings as long as his ownership, interest, and possesion thereof remained exactly the same as they then were, and no longer. This obligation cannot be extended beyond

a time when Dunne voluntarily gave such right of possession to the appellant and changed his interest and the nature of his title in and to the insured property, without the consent of the respondent, who never undertook to insure the buildings for the benefit of the appellant, or if they were to be possessed by the appellant, or any interest therein, owned by Dunne at the time the policy was issued, was thereafter acquired by the appellant as the result of Dunne's act. Lett v. Guardian Fire Ins. Co., 125 N. Y. 82, 25 N. E. 1088.

It follows that the right to enforce the policy of insurance terminated with the execution of the contract and the surrender of possession of the insured buildings, without the knowledge or consent of the respondent; and the judgment must be affirmed, with costs. All concur.