GORSCH v. NIAGARA FIRE INS. CO. OF NEW YORK.

SAME v. PHŒNIX INS. CO. OF BROOKLYN.

(Supreme Court, Appellate Term.  June 1, 1910.)

1. INSURANCE (§ 328*)—FIRE INSURANCE—CHANGE OF INTEREST IN POLICY.

A fire policy provided that it should be void if insured's interest was other than unconditional and sole ownership, and if there was any change other than by death in the interest, title, and possession in the subject of insurance, whether by legal process, etc., or insured's voluntary action. When the policy was issued, the premises were occupied by another than plaintiff, and thereafter, but before a fire, plaintiff agreed to sell such other the premises, the contract entitling the vendee to immediate possession and to collect the rent, she covenanting to pay taxes and water charges and to repair and insure the premises, and also entitling either party, upon 30 days' notice to demand performance after the final determination of an action then pending against plaintiff in which a lis pendens was filed against the property, if the action was decided for plaintiff, but that, if it was decided against him, he was not bound to perform. The contract further provided that the property should be free from incumbrance, but the consideration was to be paid at delivery of the deed, and no date was fixed for delivery. Held, that the delivery of the contract was a change in plaintiff's interest in the property so as to avoid the policy; that the contract was conditional upon the determination of the pending action favorably to plaintiff, being immaterial, plaintiff having surrendered his sole and unconditional ownership so as to work a change of interest.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 799; Dec. Dig. § 328.*]

2. INSURANCE (§ 282*)—FIRE INSURANCE—CHANGE OF INSURED'S INTEREST.

If there was in existence at the time the policy was issued a contract by which insured agreed to convey the insured premises to the person in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

possession, the policy was void at its inception, under the sale and unconditional ownership clause.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 601–635; Dec. Dig. § 282.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Actions by Hugo Gorsch against the Niagara Fire Insurance Company of New York and against the Phœnix Insurance Company of Brooklyn. From an order in each case setting aside a directed verdict for plaintiff and ordering a new trial, plaintiff appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Flynn & Hess, for appellant.

Crisp & Randall (W. Benton Crisp, of counsel), for respondents.

LEHMAN, J. The plaintiff sues upon a policy of fire insurance in the standard form. The policy provides that it shall be void "if the interest of the insured be other than unconditional and sole ownership * * * or if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise. * * *" It appears that at the time when the policy was issued the premises were occupied not by the plaintiff, but by Sophia Gorsch; that after the policy was issued, but before the property was destroyed by fire, the plaintiff and Sophia Gorsch entered into a contract, whereby the plaintiff agreed to sell, and Sophia Gorsch agreed to purchase, the insured premises. Apparently the consideration paid at the time that the contract was made was merely nominal. The real consideration was to be paid at the delivery of the deed. The contract further provides that the conveyance shall be free from all incumbrances. No date was set for the delivery of the deed, but either party was to have the right upon 30 days' notice to demand performance after the final determination of an action then pending against the plaintiff in which a lis pendens was filed against this property, provided that such final determination was in favor of the plaintiff. The contract expressly provided that, in case the final determination was against the plaintiff, then all obligation on his part to perform the agreement should cease and come to an end. Under the terms of the contract, the vendee was entitled to immediate possession of the premises and to collect the rents, issues, and profits and the vendee covenanted that she would pay taxes, assessments, and water charges, and to keep the premises in repair and insured for the sum of $12,000.

The defendant claims that the delivery of this contract constituted a change of interest which avoided the policy. In the case of Brighton Beach Racing Ass'n v. Home Ins. Co., 113 App. Div. 728, 99 N. Y. Supp. 219, affirmed without opinion 189 N. Y. 526, 82 N. E. 1124, the court held that a vendee in possession under a valid contract of sale was the sole and unconditional owner, and that the vendor by making the contract and putting the vendee in possession caused a "change of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interest" within the meaning of the contract of insurance. The plaintiff concedes the correctness of this decision, but seeks to distinguish it from the case under consideration on the ground that the contract here was a conditional contract dependent upon a favorable determination of an action, that the determination occurred after the fire, and no interest vested in the vendee until that date. It seems to me that his contention is unsound. The plaintiff agreed to deliver a deed if he could convey a good title. The vendee would not have been obliged to accept a title that was defective in any event. The plaintiff simply protected himself from liability on an obligation which he would never be able to perform by providing that, if a suit involving his title was determined against him, then the contract was at an end. He gave possession of the land to the vendee under a valid contract of sale. He could not voluntarily avoid performance of the contract. Whether or not under the circumstances the vendee became the sole and unconditional owner is immaterial. The essential fact is that the vendor gave up his own sole and unconditional ownership, and thereby created a change of interest.

I have not considered the point raised by the plaintiff that the contract of sale dated May 15, 1908, was a new contract, or that the occupant did not have the same rights under another contract at the time that the policy was issued. If this point is sound, then the contract of insurance was void from its inception, because the plaintiff was already divested of the sole and unconditional ownership.

In reaching this conclusion, I have not overlooked the apparent hardship to the plaintiff. With such considerations we can have no concern. The parties entered into a legal contract of insurance in a form approved by the state authorities, and we must enforce that contract according to its terms.

The order appealed from in each action should be affirmed, with costs. All concur.