HUGO GORSCH, Appellant, v. THE NIAGARA FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.

HUGO GORSCH, Appellant, v. THE PHOENIX INSURANCE COMPANY OF BROOKLYN, Respondent.

(Supreme Court, Appellate Term, July, 1910.)

Insurance — Forfeiture of policy — Policy of insurance on property — Transfer or conveyance of property — Executory contract of sale.

Where, after the issuing of a policy of insurance on a building occupied by a person other than the assured, the assured who owned the building contracted to sell it to the occupant who remained in possession, there was such a change of interest as sufficed to avoid the policy under the provision contained therein that it should be void if any change other than by the death of the insured should take place in the interest, title or possession of the subject of insurance, although no date was set for the delivery of the deed but it was provided in the contract of sale that either party should

have the right to demand performance upon thirty days' notice after the final determination of an action then pending against the plaintiff, provided that such final determination should be in the plaintiff's favor.

APPEAL by the plaintiff in each case from an order of the Municipal Court of the city of New York, seventh district, borough of Manhattan, setting aside the verdict of a jury rendered in favor of the plaintiff by direction of the court and ordering a new trial.

Flynn & Hess, for appellant.

Crisp & Randall (W. Benton Crisp, of counsel), for respondents.

LEHMAN, J.    The plaintiff sues upon a policy of fire insurance in the standard form.    The policy provides that it shall be void "if the interest of the insured be other than unconditional and sole ownership  *  *  *  or if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise  *  *  *."    It appears that, at the time when the policy was issued, the premises were occupied not by the plaintiff, but by Sophia Gorsch; that, after the policy was issued, but before the property was destroyed by fire, the plaintiff and Sophia Gorsch entered into a contract whereby the plaintiff agreed to sell and Sophia Gorsch agreed to purchase the insured premises. Apparently the consideration paid at the time that the contract was made was merely nominal; the real consideration was to be paid at the delivery of the deed.    The contract further provides that the conveyance shall be free from all incumbrances.    No date was set for the delivery of the deed; but either party was to have the right, upon thirty days' notice, to demand performance, after the final determination of an action then pending against the plaintiff,

in which a *lis pendens* was filed against this property, provided that such final determination was in favor of the plaintiff. The contract expressly provided that, in case the final determination was against the plaintiff, then all obligation on his part to perform the agreement should cease and come to an end. Under the terms of the contract the vendee was entitled to immediate possession of the premises and to collect the rents, issues and profits; and the vendee covenanted that·she would pay taxes, assessments and water charges and keep the premises in repair and insured for the sum of $12,000.

The defendant claims that the delivery of this contract constituted a change of interest which avoided the policy. In the case of Brighton Beach Racing Assn. v. Home Ins. Co., 113 App. Div. 728; affd., without opinion, 189 N. Y. 526, the court held that a vendee in possession under a valid contract of sale was the sole and unconditional owner and that the vendor, by making the contract and putting the vendee in possession, caused a "change of interest" within the meaning of the contract of insurance. The plaintiff concedes the correctness of this decision, but seeks to distinguish it from the case under consideration on the ground that the contract here was a conditional contract, dependent upon a favorable determination of an action; that the determination occurred after the fire and no interest vested in the vendee until that date. It seems to me that his contention is unsound. The plaintiff agreed to deliver a deed if he could convey a good title; the vendee would not have been obliged to accept a title that was defective in any event; the plaintiff simply protected himself from liability on an obligation which he would never be able to perform by providing that, if a suit involving his title was determined against him, then the contract was at an end. He gave possession of the land to the vendee under a valid contract of sale. He could not voluntarily avoid performance of the contract. Whether or not, under the circumstances, the vendee became the sole and unconditional owner is immaterial; the essential fact is that the vendor gave up his

own sole and unconditional ownership and thereby created a change of interest.

I have not considered the point raised by the plaintiff that the contract of sale, dated May 15, 1908, was a new contract, or that the occupant did not have the same rights under another contract at the time that the policy was issued. If this point is sound, then the contract of insurance was void from its inception, because the plaintiff was already divested of the sole and unconditional ownership.

In reaching this conclusion I have not overlooked the apparent hardship to the plaintiff. With such considerations we can have no concern. The parties entered into a legal contract of insurance in a form approved by the State authorities, and we must enforce that contract according to its terms. The order appealed from in each action should be affirmed, with costs.

GIEGERICH and DAYTON, JJ., concur.

Order in each action affirmed, with costs.