### GORSCH v. NORTHERN ASSUR. CO. OF LONDON.

(Supreme Court, Appellate Term. November 10, 1911.)

INSURANCE (§ 389*)—FIRE INSURANCE—FORFEITURE—ESTOPPEL TO ASSERT.

    If the insurance company knew that insured had parted with title and possession of the property before the policy was delivered to him, by delivering the policy it waived a condition therein avoiding it in such event, and estopped itself from setting up a defense based upon such provision.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1028; Dec. Dig. § 389.*]

Appeal from City Court of New York, Special Term.

Action by Hugo Gorsch against the Northern Assurance Company of London. From an order denying a motion to set aside a verdict for plaintiff and for a new trial, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

W. Benton Crisp (Theodore M. Crisp, of counsel), for appellant.
Flynn & Hess (George Edwin Joseph, of counsel), for respondent.

SEABURY, J. We are satisfied that the evidence in this case justified the finding of the jury that the fact that the plaintiff had parted with the interest, title, and possession of the property insured before the policy in suit was delivered to him was known to the defendant at that time. This feature of the case distinguishes it from Gorsch v. Niagara Fire Insurance Company, 68 Misc. Rep. 344, 123 N. Y. Supp. 877. The jury having found upon sufficient evidence that the defendant had knowledge of this circumstance, it follows that in delivering the policy to the plaintiff the defendant waived the condition and estopped itself from setting up a defense based upon it. Forward v. Continental Insurance Company, 142 N. Y. 382, 37 N. E. 615, 25 L. R. A. 637.

Order affirmed, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes