J. L. BLACKWOOD *v.* EAGLE STAR INSURANCE COMPANY, LTD.

(No. 9315)

Submitted April 21, 1942. Decided May 12, 1942.

354

*Steptoe & Johnson, Stanley C. Morris* and *W. E. Miller,* for appellant.

*Duncan W. Daugherty,* for appellee.

Fox, PRESIDENT:

J. L. Blackwood was the owner of Lots Nos. 41, 42, and 43 in Edgewood Addition to the Town of Milton in Cabell County. A residence was located on Lot No. 41, on which Blackwood held a policy of insurance issued by the defendant company, insuring said building against loss by fire in the sum of one thousand dollars. Blackwood sold said building and an adjoining lot, being Lot No. 42, to J. A. Black and Merlie Black, for the sum of $650.00, which was paid to him in cash, and delivered the possession of the residence building and other property conveyed to the purchasers. On November 17, 1939, he attempted to convey said property to the said purchasers, but by mistake, instead of conveying Lots Nos. 41 and 42, he made the conveyance for Lots Nos. 42 and 43, so that the conveyance did not include the lot on which the building was located. The building was destroyed by fire on December 24, 1939. The policy of insurance was not transferred by Blackwood to the purchasers. On the day following the fire, an effort was made to secure a transfer of the insurance policy from

Blackwood to the Blacks, but this could not be done, and thereafter Blackwood assigned to the Blacks the benefit of the insurance policy, and a settlement was made by the Insurance Company for $125.00. Subsequent to this date, the mistake in the deed mentioned above was discovered, whereupon Blackwood conceived the idea that, inasmuch as he had not conveyed Lot No. 41, he was still the sole and unconditional owner thereof, and was entitled to collect on his policy. He instituted this suit for the purpose of setting aside the assignment of the policy made by him to the Blacks, and for recovery of the face of the policy. A hearing was had and a decree entered in favor of the plaintiff for $875.00, being the full amount of the policy, less $125.00 paid to the Blacks in the settlement aforesaid. From said decree the Insurance Company prosecutes this appeal.

It is not disputed that Blackwood sold Lot No. 41 and the building located thereon to the Blacks; that he received the purchase price therefor; and that he delivered the possession of the lot and building to a tenant of the Blacks. These facts are supported by the testimony of Blackwood and J. A. Black. An enforceable contract of sale was entered into between the parties. The case is clearly one where the Blacks had the right to secure a reformation of their deed in order to secure a conveyance of the lots they purchased. *Melott v. West,* 76 W. Va. 739, 86 S. E. 759.

The policy of insurance in question contains a provision that, "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership; * * * or (d) if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance (except change of occupation without increase of hazard); * * *." The policy is in statutory form and no question is raised as to the validity of this provision thereof.

This Court is committed to the proposition that, "Com-

plete equitable title in the insured will satisfy the condition in a fire insurance policy requiring that the interest of the insured in the subject of insurance shall be unconditional and sole ownership." *Kimball Ice Co.* v. *Springfield Fire & Marine Ins. Co.*, 100 W. Va. 728, 132 S. E. 714. In *Cook* v. *Citizens Ins. Co.*, 105 W. Va. 375, 143 S. E. 113, 61 A. L. R. 657, a case dealing with personal property, it was held that, "Where the seller has delivered goods to the buyer under a conditional sales contract, the interest of the buyer therein is an equitable property right", and "When property in the possession of a buyer under a conditional sales contract is destroyed by fire, recovery therefor by the buyer on an insurance policy containing a 'sole and unconditional ownership' provision is not defeated merely because the legal title is in the seller." This proposition is also supported by many cases from other jurisdictions. *Vancouver National Bank* v. *Insurance Co.*, 153 F. 440; *Brickwell* v. *Atlas Assur. Co.*, 10 Cal. App. 17, 101 P. 16; *Linthicum Hotels Co.* v. *Insurance Co.*, 134 Md. 62, 106 A. 165; *Insurance Co.* v. *Olson*, 74 Ind. App. 449, 129 N. E. 234; *Grunauer* v. *Insurance Co.*, 72 N. J. L. 289, 62 A. 418, 3 L. R. A. (N. S.) 107; *Excelsior Foundry Co.* v. *Western Assurance Co.*, 135 Mich. 467, 98 N. W. 9, 3 Ann. Cas. 707. These cases, for the most part, protect the insured who has equitable title, but the principle announced must be applied where the protection afforded inures to the benefit of the insurer. We can not hold in one case that mere outstanding legal title does not destroy the policy as against the insured, the holder of equitable title, and then refuse to apply the same rule to a case where the insured parts with the equitable title, and only retains the mere naked legal title. Certainly when Blackwood sold Lot No. 41 and the building thereon, and received the purchase price therefor and delivered possession thereof to the purchasers, he could no longer be said to be the sole and unconditional owner thereof. By that transaction he parted with every vestige of beneficial ownership. Under our holdings, the purchasers could have procured insurance on the building on Lot

No. 41, and the fact that through a mutual mistake as to the conveyance they did not have the legal title would not have prevented the enforcement of their policy in case of loss by fire.

We do not think these propositions can be successfully controverted, and certainly the authorities cited do not do so. Equity looks at the substance and not the form, and the actual sale and delivery of the property in question, and the collection of the purchase price therefor, effectually divested from Blackwood equitable title to the property in question and vested the beneficial and equitable ownship thereof in the purchasers. The effect of that was to create a situation where the interest of Blackwood in the property was not that of "unconditional and sole ownership", and he could not collect on the policy for loss occurring thereafter.

The decree of the Circuit Court of Cabell County is reversed and the cause remanded.

*Reversed and remanded.*