[Jones v. Capital City Insurance Co.]

# Jones *v.* Capital City Insurance Co.

122　421
s128　362

*Action on an Insurance Policy.*

1. *Pleading and practice; error without injury in overruling de-murrers to plea.*—In an action on a fire insurance policy, which contains a clause avoiding the policy if there is an alienation or change of title, where the defendant files two pleas, in each of which it avers that pending the continuance of the policy the assured sold the insured property, and said pleas are substantially the same except in one the name of the vendee is given, while in the other the vendee's name is not given, the overruling of a demurrer to the latter plea on the ground of such failure to give the name of the alleged ven-dee, if erroneous, is error without injury; since the plaintiff had the full benefit of all he could claim under the other plea.

2. *Same;action on insurance policy; plea averring sale need not show valid sale under statute of frauds.*—In an action on a fire insurance policy, which contains a clause providing that the policy shall be void if there is an alienation or change of title without the consent of the insurer, a special plea which avers that pending the continuance of the policy the insured sold and disposed of the insured property without the insurer's consent, is sufficient without averring facts to show that such sale was not void under the statute of frauds.

3. *Insurance; contemplated sale, not completed, does not avoid policy, under clause forbidding alienation.*—The condition in a fire insurance policy avoiding it "if any change takes place in the interest, title or possession of the subject of insurance," is not broken where the insured, who held the property under a deed of assignment for the benefit of creditors, received a bid for the property, but held up said bid for the purpose of allow-ing the proposed purchaser to investigate the title and in or-der for the insured to get the approval of his assignor's credi-tors, and during this time the property was destroyed by fire, but there was no change of possession from the insured, no part of the purchase price was paid and no deed was de-livered to the proposed purchaser, or to any one for him.

APPEAL from the Circuit Court of Conecuh. Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellant, James F. Jones, against the appellee, the Capital City Insurance Company; and counted upon a policy of insurance, which was issued to one J. P. Etheridge, assignee, by the defendant, and insured a two-story brick building from loss by fire, which said building was destroyed by fire during the existence of the policy.

The defendant filed five pleas. The first was the general issue. To the second and third pleas the plaintiff's demurrers were sustained, and the substance of the fourth and fifth pleas are sufficiently stated in the opinion.

To the fourth and fifth pleas, the plaintiff separately demurred on the following grounds: 1. It does not appear from said pleas that there was any change of interest by the assured, because it was not averred in said plea that there was any conveyance in writing expressing the consideration which was signed by the insured, whereby the said property was sold or transferred. 2d. It does not appear from said plea that there was any change of interest of the assured, because it was not averred that said alleged sale or any note or memorandum expressing the consideration was in writing and signed by the party to be charged therewith, or some other party by him thereunto lawfully authorized in writing. These demurrers were overruled and the plaintiff separately excepted.

To pleas numbered four and five, the plaintiff filed several replications, in which they set up that the contract for the sale of the property insured, to the person named in said pleas, was void, in that it was not in writing, nor was there any note or memorandum in writing expressing the consideration and subscribed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized in writing, nor was the purchaser put in possession by the seller. To these replications of the plaintiff the defendant demurred upon the ground that it was immaterial whether any deed was delivered to the purchaser, since no deed of conveyance was necessary. The demurrers to the replications were sustained, and the plaintiff duly excepted. The other

[Jones v. Capital City Insurance Co.]

facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave to the jury the general affirmative charge in its favor, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the pleadings and the giving of the general affirmative charge requested by the defendant.

J. F. JONES and D. M. POWELL, for appellant.—The 4th and 5th pleas did not set up a defense to the maintenance of the suit, and the demurrers thereto should have been sustained. The averments of said pleas show that the sale averred therein was void under the statute of frauds. The contract of sale being void under the statute is void for all purposes.—*Flinn v. Barber*, 64 Ala. 193; *Nelson v. Shelby Mfg. & Imp. Co.*, 96 Ala. 515.

THOMAS G. & CHARLES P. JONES and E. F. JONES, *contra.*—Even if the 4th plea should have averred the name of the party to whom the sale was alleged to have been made, the error in overruling the demurrer was immaterial, since the 5th plea, which was substantially the same as the 4th, averred the name of the party to whom the sale was made. "Where several pleas are filed setting up substantially the same matters, the erroneous ruling of the court in sustaining the demurrer to any one of the pleas will be harmless if the defendant might still show the same facts under any of the remaining pleas. *Rake v. Pope*, 7 Ala. 161; *Sheehan v. Hampton*, 8 Ala. 942; *Howle v. Edwards*, 97 Ala. 649.

The statute of frauds could not be taken advantage of by the plaintiff in this suit, and therefore, so far as the plaintiff in this action was concerned, the 4th and 5th pleas were not subject to the demurrers interposed.— Brown on Statute of Frauds, § 128; *Gafford v. Stearnes*, 51 Ala. 484; *Lavender v. Hall*, 60 Ala. 214; *Shakespeare v. Alba*, 76 Ala. 351; *Mewburn v. Bass*, 82 Ala. 622; *Sayre v. Wilson*, 86 Ala. 152.

HARALSON, J.—Suit to recover the value of a two-story brick building insured by the defendant company against loss by fire, the building having been destroyed during the life of the policy.

W. E. Liverman, of Conecuh county, owned the property in which he carried on a mercantile business in said county. Failing in business, on the 15th of January, 1894, he made a general assignment for the benefit of his creditors, including this storehouse and his goods and merchandise, to J. P. Etheridge as assignee. Said Etheridge, as such assignee, took out this policy of insurance on the 4th day of May, 1894.

It appears that certain creditors of said Liverman, petitioned the register of the chancery court of Conecuh county, on the 20th November, 1894, to require said Etheridge, as such assignee, to give a bond as provided by statute, for the faithful performance of the trust committed to him by said assignment, and on the 12th of December following, after due notice to do so, the said Etheridge, failing to give bond, was removed as such assignee, and the plaintiff in this case, J. F. Jones, was appointed assignee of said trust estate in his stead. Said Etheridge was ordered by the decree removing him and appointing Jones as his successor, to turn over "to said J. F. Jones at once all the goods, wares, merchandise, choses in action, books, accounts, notes, mortgages, moneys and all other evidences of debt, and all property that had come into your [his] hands as assignee of W. E. Liverman." The said Etheridge, as appears, in December, 1894, after his removal and this order appointing Jones as his successor, delivered to him the said policy of insurance, but the same was not assigned in writing thereon by him to said Jones, until the 4th November, 1895, when he duly and regularly assigned to said Jones, as such successor assignee, all his claim as assignee in said policy, and any loss or damage which had accrued to him under the same. As such assignee from said Etheridge and under the appointment of the register, the said J. F. Jones, the appellant, instituted this suit to recover of the appellee company the loss accruing under said policy.

The property, as was shown, was destroyed by fire on the 6th November, 1894.

The policy contains the provision, that "if any change * * takes place in the interest, title or possession of the subject of insurance (except change of occupants, without increase of hazard) whether by legal process or judgment or by the voluntary act of the assured or otherwise, or if this policy be assigned before a loss," the same shall be void.

The defendant in its 4th and 5th pleas, set up a breach of this condition of the policy by averring in the 4th, "that after the issuance of the policy sued on, there was a change of the interest of the assured, he having sold the same, and received the purchase money or a part thereof, without the consent of this defendant, prior to the destruction of the property described in said complaint." The 5th plea is in substance the same as the 4th, but avers that after the delivery of the policy and the happening of the loss, Etheridge, the assured, voluntarily sold the subject of the insurance to one James W. Etheridge for the sum of about $1,500 and received about $600 of the purchase money, without the consent of the defendant indorsed on the policy.

One ground of demurrer to the 4th plea was, that it did not aver to whom the alleged sale was made. Conceding that in a case like this, where the assignee of the policy, and not the original party taking out the insurance, brings the suit, in whose knowledge the fact of the sale if made would not lie as it would with the party taking it out, if he had sold, it is unnecessary to pass on the question it raised, since in the 5th plea, the same in substance as the 4th, the name of the party to whom the sale was made is given. Under the latter plea, the plaintiff had the full benefit of all that he could have claimed, if the name of the vendee had been mentioned in the 4th plea, and if there was error in overruling the demurrer to it on this ground, it was error without injury. The case was really tried on the 5th plea.—*Howle v. Edwards,* 97 Ala. 649.

Another ground of objection to the pleas on demurrer was, in substance, that the pleas did not show such a sale

as would not be void under the statute of frauds. But in this there was no merit. The pleas averred a change of interest of the assured in the property, in that he sold the same to the party named. This was a substantial averment of a completed sale in all the essential elements or requirements therefor. If the plaintiff, without replying specially the statute of frauds against these pleas, had simply taken issue thereon, under our system of pleadings, in proving his pleas the defendant would have been required to show a sale not void under the statute of frauds. A sale void under that statute would not have met the defense of a sale of the assured's interest in the real property insured, as pleaded to avoid the policy. There was really, therefore, no necessity for plaintiff's replications, and the subsequent altercations of parties thereon, and we may allow them to pass from view.

In his work on Insurance, it is said by Mr. Biddle in respect to alienation when forbidden in the policy, that, "To avoid on the ground of alienation simply, the whole title must be parted with; for an alienation of a part of the property or a diminution in interest of the assured will not avoid; the retention of a legal or equitable title being a sufficient interest. Nor does a sale of a part conflict with the clause against 'sale or transfer.' But when there is a clause against any change in the title or possession of property by sale or voluntary transfer, a sale of an undivided half interest was held to avoid," etc.—1 Biddle on Ins., § 203. The same author holds, on authorities cited, that if a sale is never carried out, or the property is reconveyed and the bargain thrown up, and the vendor is in possession at the loss, the policy is not avoided; that an executory agreement of sale is not within the policy clause, though part of the purchase money is paid, and that a contract that cannot be enforced is not a sale.—*Ib.* § § 206, 207, 224. See also on same subject and to same effect, 1 May on Ins., § 267; 3 Joyce on Ins., § § 2251, 2252. The author last cited says: "A void sale of the insured property will not avoid the policy, although it contains a clause forbidding alienation or change of title. Such a sale does not operate as a change or transfer of title in any way, and is in no way an alienation of the property."—3 Joyce on Ins., § 2249.

[Jones v. Capital City Insurance Co.]

The sale of the interest of the assured in this case as disclosed, relates to the whole and not to a part of the real property alleged to have been sold.  J. P. Etheridge, the original party insured, examined by defendant, stated: "I took out the insurance policy sued on in this case, after I became the assignee of W. E. Liverman.  I advertised for sealed bids for the sale of the property, the subject of insurance and of this suit, some time in July and August, 1894, but did not receive but one bid.  This was from J. W. Etheridge, my brother, and was for $1,500.  The bid was in writing.  I held this bid up for the purpose of allowing my brother to investigate the title to the property, and also for the purpose of hearing from the creditors of W. E. Liverman.  At the time the fire occurred, I had not heard from all the creditors and my brother had paid me no money on the bid."  Here he makes it appear that his acceptance of the bid was contingent on the approval of the creditors of his assignor, Liverman, and his brother's bid was contingent on his satisfaction with the title after examination.  He further testified, that his brother had never taken possession of the property named in the policy; that he never attempted to get possession of it or set up any claim to it, and had never paid a dollar in money or other thing of value on the purchase price of it; and further, that after the fire, he, the assured, made a deed to the property to his brother, which was drawn up by W. D. Atkinson, who was acting as his attorney at the time, and was also the agent of the defendant, and this deed was left with Atkinson, and witness simply did what he, Atkinson, told him, but he had never delivered the deed to his brother and had not instructed or authorized Atkinson to do so.  W. E. Liverman testified that he obtained this deed from Atkinson and it had been ever since then in his possession, and that it had never been delivered to J. W. Etheridge or to any one for him, and he had never been authorized to deliver it to him.  It was shown that J. P. Etheridge, the assignee, made proof of loss and destruction of the property and that the same belonged to him as assignee and was in his possession as such at the time of the fire.  Under such a state of facts, it is difficult to

see, and cannot be held, that there had been a sale of said property, or a change in the interest of the assured such as would avoid the policy under its terms. The defendant failed to make good its defense, set up in said pleas. There were rulings on the introduction of evidence having reference to the alleged sale and change of interest, but we need not pass on these, since they cannot affect the result. On the undisputed evidence the general charge for the plaintiff might have been given instead of for the defendant, as was done.

Reversed and remanded.