# Heyl *v.* Aetna Insurance Company.

### Action on Policy of Fire Insurance.

[Decided Feb. 7, 1905.]

1. *Fire Insurance; Forfeiture of Policy by Taking Additional In-*
   *surance without Consent.*—If the insured in a fire insurance
   company effects additional insurance on the insured property
   in violation of an expressed condition in the policy, without
   securing the written consent of the insurer, as required, this
   constitutes a breach of the condition, and operates a forfeiture
   of the policy, and thus rendering it void, unless such forfeiture
   is waived.

APPEAL from Marengo Circuit Court.

Heard before the Hon. JOHN C. ANDERSON.

Action by James H. Heyl against the Aetna Insurance
Company on contract of fire insurance.

The facts may be briefly stated as follows: R. E.
Morrow, the owner of a certain building in Marengo
county, Alabama, applied to, and obtained from the
Aetna Insurance Company a policy of fire insurance
on the building so owned by him. Under the provisions
of the policy, as originally written, loss was made pay-
able to the insured. Thereafter, possibly the same day,
at the request of Morrow a clause in the following
words was attached to the policy: "It is agreed that
any loss or damage ascertained and proven to be due
the assured under this policy, shall be held payable to
James H. Heyl as his interest may appear. Attached
to and forming a part of Policy No. —— of the Aetna
Insurance Company, Hartford, Conn." This clause was
signed by the agents issuing the policy.

One of the provisions of the policy was the following:
"This entire policy unless otherwise provided by agree-

ment endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy.

Thereafter, and without the consent or knowledge of the Aetna Insurance Company, and while the Aetna policy was in force, Morrow, the insured, procured other insurance on the same property in the Home Insurance Company of New York, and which last insurance policy was in force at the time the property was destroyed by fire. Some months after the Aetna issued the policy the building insured was destroyed by fire.

The defendant pleaded the general issue, and a special plea setting up the fact that Morrow had taken out, or procured additional insurance without an agreement on the part of the defendant company assenting to, or allowing the making or procuring of additional insurance. Substantially this was the plea, though of course the plea set forth the entire agreement, and the breach thereof. To this plea the plaintiff demurred, and his demurrer was overruled by the court. The plaintiff then filed what he termed a replication to the last plea. This replication was, in effect, nothing more than a re-affirmation of his complaint. To the replication defendant demurred, and this demurrer was sustained, and issue was then joined upon the pleas of the general issue, and the above mentioned special plea. The cause was tried by the court without a jury, upon an agreed statement of facts. From a judgment for defendant, the plaintiff appeals.

ABRAHAM & SIMON, for appellant.—The mortgagee's interest is separate and distinct from that of the mortgagor and he can be bring the suit. (In this case the mortgagee owns the entire insurance)—*Capital City Insurance Co. v. Jones, Assignee*, 128 Ala. 361; 1 Jones on Mortgages, § 408. The demurrers to the second plea should have been sustained; the demurrers to the replication to the second plea should have been overruled; and judgment should have been rendered in favor of the plaintiff.—*Geo. W. Boyd v. Thuringia Ins. Co., of Erfurt, Germany*, (Washington Supreme Court, July

[Heyl v. Aetna Insurance Company.] ‘

6th, 1901) Lawyer's Rep. Ann. 165; *Capital City Ins. Co. v. Jones, Assignee*, 128 Ala. 361; *Commercial Fire Ins. Co. v. Cap. City Ins. Co.*, 81 Ala. 320.

THOMAS E. KNIGHT and KING, SPALDING & LITTLE, for appellee.—The clause attached to the policy, making loss payable to Heyl as his interest may appear is what is known as an "open mortgage clause," and it did not make Heyl a party to the contract, but simply an appointment of a part of the menoy to be realized in event of loss.—*Taber v. Royal Ins. Co.*, 124 Ala. 681-692; Am. & Eng. Ency. Law, (2 ed.) Vol. 13, 202 and notes; 120 Mass. 91.

Under the contract, the acts of Morrow, the insured, which would avoid the policy as to him, Morrow, also avoids it as to Heyl, the appointee, and precludes a recovery in the present suit by Heyl.—*Grosvenor v. Atlantic F. Ins. Co.*, 17 N. Y. 391; *Sias v. Roger Williams Ins. Co.*, 8 Fed. Rep. 187; 66 Amr. Dec. 410; *Franklin Sav. Ins. v. Central Mut. Ins. Co.*, 119 Mass. 240; 34 Amr. Rep. 122; 28 Amr. Rep. 56; 183 U. S. 308; Amr. & Eng. of Law (2 ed) Vol. 13, 202 and notes. .

TYSON, J.—The provision of the policy sued on under which the plaintig, Heyl, predicates his right to recover is in this language: "It is agreed that any loss or damage *ascertained and proved to be due the assured* under this policy shall be held payable to James H. Heyl, as his interest may appear."

Confessedly if the assured, Morrow, by his conduct, forfeited his right to recover on this policy the plaintiff cannot do so. For it is clear, from the language quoted, that it is only such damages as are due to Morrow that are payable to plaintiff. In other words, if nothing is due Morrow, there could be nothing payable to plaintiff.

The policy also contains the condition that "this entire policy unless otherwise provided by agreement endorsed thereon or added thereto shall be void if the assured now has or shall hereafter make or purchase any other contract of insurance, whether void or not, on property covered in whole or in part by this policy."

It is shown by the record that, without the consent of defendant, while this policy was in force, Morrow procured other insurance on the property in the Home Insurance Company of New York, which policy was in force at the time the property was destroyed. This undoubtedly avoided the policy sued on, unless the defendant waived the right to claim the forfeiture, which is not shown.—*Queen Insurance Co. v. Young*, 86 Ala. 424.

It may not be amiss to say that the cases relied on by appellant's counsel holding that where the policy is payable to a mortgagee as his interest may appear, that he is the assured to the extent of his mortgage debt, have no application to this case.

Affirmed.

HARALSON, DOWDELL and DENSON, JJ., concur.