[Blue, et al. v. American Soda Fountain Company.]

# Blue, *et al. v.* American Soda Fountain Company.

*Assumpsit.*

(Decided April 20, 1907. 43 So. Rep. 709.)

1. *Sales; Condition of Sale; Mortgage by Buyer; Effect.*—A buyer who executes notes for the purchase price of property containing a retention of title until the notes are paid, and a mortgage on the property to secure the notes cannot defeat an action on the notes brought after the destruction of the property, by setting up that the contract was a conditional sale and that the title was in the seller until the notes were paid.

2. *Pleadings; Issue; Proof; Variance.*—The complaint declared on notes payable to the "American Soda Fountain Company, a corporation;" the notes showed that they were payable to the "American Soda Fountain Co." Held, not a variance as the abbreviation "Co." is identical with "Company," and the words, "a corporation" was not a part of the name.

APPEAL from Coffee Circuit Court.

Heard before Hon H. A. PEARCE.

Action by the American Soda Fountain Company against J. D. Blue and others. From a judgment for plaintiff, defendants appeal. Affirmed.

H. L. MARTIN, for appellant.—The name of a corporation is like the name of an individual.—137 Ala. 116. The first replication was insufficient.—*Zirkle v. Jones,* 129 Ala. 444. Under the proof the second and third replications fall as does the fourth and sixth. The fifth replication is bad on the authority above cited. Under the contract the property destroyed was the property of the American Soda Fountain Co., and not the property of Blue & Brother.

J. S. SANDERS, for appellee.—The contract sued on has been construed by this court in a former case.—

[Blue, et al. v. American Soda Fountain Company.]

*American Soda Fountain Company v. Blue*, 40 South.
218. If plaintiff proves any of several replications on
which issue is joined the plea is answered and defend-
ant takes nothing by it.—*Fidelity & Deposit Co. v.
Mobile County*, 124 Ala. 145; *Coster v. Brock*, 19 Ala.
210; *Liverpool Co. v. Tillis*, 110 Ala. 201. The mere
bringing of a suit does not work an estoppel.—*Hunts-
ville B. L. Co. v. Corpening*, 97 Ala. 681. In any event
no estoppel is set up by plea or rejoinder.

SIMPSON, J.—This was an action on several notes
given for a soda fountain and appurtenances. The de-
fendant filed pleas setting up defense that said notes
were given for a soda fount and fixtures under a special
contract by which the title to said property was to re-
main in the plaintiff until the notes were paid, and that,
while it still remained the property of the plaintiff, it
was consumed by fire. The plaintiff filed a number of
replications; some of them replying that, after the ex-
ecution and delivery of the notes, an indenture was en-
tered into between the parties, which is set out in full,
by which the defendant made a mortgage on said soda
fount and fixtures to secure the payment of said notes.
Issue was joined on the replications. When this case
was before this court at a previous term, the court held
that said instrument, set up in said replications, was
a mortgage, and that said mortgagor could not contend,
after the destruction of the goods, that the original con-
tract of sale was a conditional one, so that the title
did not pass to him.—*American Soda Fountain Co. v.
Blue* (Ala.) 40 South. 218. Said mortgage was in evi-
dence on the trial, as set out in the replication. It fol-
lows that, the replications being proven, the plaintiff
was entitled to the general charge, as given by the court,
on written request.—*Liverpool & L. & G. Ins. Co. v.
Tillis*, 110 Ala. 201, 210, 17 South. 672, et seq.; *Glass
v. Meyer, Son & Co.*, 124 Ala. 332, 335, 26 South. 890.

There is no force in the suggestion of counsel for ap-
pellant that there was a variance between the complaint
and the proof, because the complaint described the
plaintiff as the "American Soda Fountain Company, a

[McAllister-Coman Co. v. Matthews, et al.]

corporation," while the notes are payable to the "American Soda Fountain Co."; the abbreviation "Co." being identical with "Company," and the addition of the words "a corporation" not being a part of the name of the plaintiff, but only a designation of its character.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., Concur.