# Cardwell v. Virginia State Insurance Company, et al.

Bill to Redeem from Mortgage and to Fix Rights to Collect Policy of Insurance.

(Decided November 30, 1916.   73 South. 466.)

1. Insurance; Property; Change of Interest.—Where there is a contract of sale of the insured property and the vendee is placed in possession of the property, this is a breach of the proviso of an insurance contract against a change or alienation of interest in the property insured.

2. Same.—A contract of sale of real estate acknowledging receipt of part payment and providing for the delivery of warranty deed upon other pay-

ments being made was an unconditional contract of sale which violated the provisions of an insurance policy against change of interest; this is true notwithstanding such contract speaks of rents and authorizes such rent to be credited upon purchase money installments, in the absence of anything in the contract abrogating it or authorizing a forfeiture in case the vendee fails to make the payment.

3. **Same.**—Where the insurance policy contains a provision against change of interest, and the insured had executed an unconditional contract of sale of the property, the forfeiture under the policy could not be avoided on the ground that the premises were plaintiff's homestead and that the contract of sale was void because not joined in by the wife of the insured, the evidence showing that such homestead had been abandoned prior to the execution of the contract of sale.

4. **Homestead; Abandonment.**—Where a contract for the sale of land recites a renting of the premises to the vendee on or before the date of the contract, such renting is of itself an abandonment of the vendor's homestead unless followed up by a declaration of claim to homestead exemption under § 4192, Code 1907.

APPEAL from Marshall Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by W. D. Cardwell against the Virginia State Insurance Company and others, for redemption from mortgage, to declare the policy of insurance an existing and binding obligation, and decree the right of complainant to collect the policy or to have credit on his mortgage to the full amount of the claim. Decree for respondents, and complainant appeals. Affirmed.

The primary purpose of the bill seems to be to redeem from a mortgage executed to the Scottish American Mortgage Company to secure a loan of $1,200 by complainant, the houses thereon being insured for three years with the insurance company for $900. The dwellings were burned and proof of loss made, but the insurance company refused to pay the policy and procured a transfer to itself of the mortgage. The contract referred to in the opinion is as follows:

Albertville, Jan. 18, 1911. This is to certify that W. D. Cardwell has sold to W. M. Cardwell the following real estate (here follows description) for the sum of $3,000.00 payable as follows: $100.00 cash in hand, receipt of which is acknowledged, $500.00 payable November 1, 1912; $500.00 payable November 1, 1913; $400.00 payable November 1, 1911; $1,500.00 payable November 1, 1914; said W. M. Cardwell has this day executed a rent note for $200.00 payable Oct. 25, 1911, and it is agreed and understood that if W. M. Cardwell pays the $400.00 and the interest, $32.00, that he is to have credit of the rent of the $432.00

due November 1, 1911, warranty deed to be made and executed. on or before November 1, 1911, or as soon as the $432.00 has been paid.

This contract is signed by both W. D. and W. M. Cardwell, and witnessed.

STREET & ISBEL, for appellant.   COOPER & COOPER, for appellee.

ANDERSON, C. J.— (1) It is generally held that an executory contract of sale does not constitute a breach of a provision in an insurance policy against "a change of interest, title or possession," where there has been no conveyance of the legal title or delivery of the possession of the property. Where, however, under a contract for the sale of the insured property, the vendee is placed in possession, it is held that this constitutes a breach of such a provision.—*Pomeroy v. Ætna Insurance Co.*, 86 Kan. 214, 120 Pac. 344, 38 L. R. A. (N. S.) 142, Ann. Cas. 1913C, 173, and note. Indeed, our own court seems to attach considerable importance to the fact that the vendee was not put in possession in the cases of *Schloss & Kahn v. Westchester Insurance Co.*, 141 Ala. 566, 37 South. 701, 109 Am. St. Rep. 58, and *Jones v. Capital City Insurance Co.*, 122 Ala. 421, 25 South. 790.

(2) We think, however, that the contract between W. D. and W. M. Cardwell of January 11, 1911 (which will be set out by the Reporter), is an unconditional contract of sale, which could be enforced by either party thereto. It is true it speaks. of rent and authorizes the same to be credited upon the first. purchase-money installment, but there is nothing in said contract abrogating or authorizing a forfeiture of the contract of sale in case the vendee fails to meet the purchase-money installments, or for a refunding of the cash payment. We therefore agree with the chancery court in holding that there had been a forfeiture by the complainant of the anti-alienation clause of the policy contract. See *Com. U. A. Co. v. Ryalls*, 169 Ala. 517, 53 South. 754.

(3, 4) Neither are we persuaded that the complainant can escape the forfeiture upon the theory that the land in question was the complainant's homestead and that the contract of sale was void because not properly joined in by the wife. It may

have been the homestead prior to the sale, but the evidence shows that it had been abandoned as such prior to the execution of the contract. The complainant stated that he moved away about Christmas in the fall of 1910, and the contract was made January 18, 1911. Moreover, the contract itself recites a renting of the premises to W. M. Cardwell on or before the 18th of January, 1911, which would of itself be an abandonment of the homestead unless followed up by a declaration under section 4192 of the Code of 1907.—*Land v. Boykin,* 122 Ala. 627, 25 South. 172; *Boyle v. Shulman,* 59 Ala. 566; *Murphy v. Hunt,* 75 Ala. 438; *Beckert v. Whitlock,* 83 Ala. 123, 3 South. 545; *Turner v. Turner,* 107 Ala. 465, 18 South. 210, 54 Am. St. Rep. 110; *Bland v. Putman,* 132 Ala. 613, 32 South. 616.

We think that the answer sufficiently sets up the forfeiture by the complainant of the policy contract, and the decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.