(112 So. 336)

NORTH RIVER INS. CO. OF CITY OF NEW YORK v. WADDELL. (6 Div. 687.)

Supreme Court of Alabama. April 7, 1927.

1. Evidence ⬅441(8)—Admitting testimony of insured as to oral agreement for his retention of title on sale held error, in action on fire policy, where insured took mortgage back.

In action on policy of fire insurance where defense was change in interest, admitting testimony of insured that he had oral agreement with purchaser that title was to remain in him as vendor until purchase price was fully paid *held* error, where insured took back mortgage on property sold.

2. Insurance ⬅328(5)—Vendor, after completely surrendering possession to purchaser, could not recover on fire policy made void for change in possession, though sale may have been conditional.

Where insured completely surrendered possession of property to purchaser, insured was precluded from recovering under policy of fire insurance made void in case of change of interest, title, or possession, irrespective of whether title was retained until full payment of purchase price.

3. Trial ⬅141—On establishing undisputed pleas constituting defense, defendant was entitled to affirmative charge, where plaintiff had withdrawn all replications.

Where plaintiff withdrew all replications on trial, defendant, on establishing undisputed pleas constituting defense to issues raised by petition and answer, was entitled to affirmative charge in its favor.

4. Insurance ⬅328(2)—Policy made void by change in interest is not reinstated by insured's reacquisition of property prior to loss.

Under provision making policy void for change in interest, reacquisition by insured of property before date of loss will not reinstate policy.

5. Insurance ⬅328(1)—Provision making fire policy void for change in interest is valid.

Provision of fire insurance policy against alienation of property, making policy void in case of change in interest, is reasonable and valid.

6. Insurance ⬅146(1)—Insurance contract must be construed in accordance with intention of parties appearing from language used.

Though contract of insurance must be construed liberally in favor of insured, construction must be according to intention of parties as expressed in contract, as courts cannot make new contract for parties.

7. Insurance ⬅371—Provision making policy void is subject only to waiver by insurer.

Provision making policy void is limited only by possibility that condition may be waived by insurer.

8. Insurance ⬅615—Insurer denying liability on fire policy for change of interest was not required to return unearned premium.

Insurer *held* not required to return unearned premium, though recovery on contract was denied because of change of interest making policy void.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action on a policy of fire insurance by W. H. Waddell against the North River Insurance Company of the City of New York. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

When an agreement of sale is entered into and the vendor accepts notes and mortgage on the property sold as security, parol evidence cannot be introduced to show the vendor retained title. Blue v. Amer. Soda Fount. Co., 150 Ala. 165, 43 So. 709; Bates v. Crowell, 122 Ala. 611, 25 So. 217; Shriner v. Meyer, 171 Ala. 112, 55 So. 156, Ann. Cas. 1913A, 1103; Capitol Lbr. Co. v. Mullinix, 208 Ala. 266, 94 So. 88. The provision of the policy against a change of interest, title, or possession is violated where there is a conditional sale of the insured property, or under a contract of sale the vendee is placed in possession, or where there is a sale and execution of a mortgage to secure the purchase price. Cardwell v. Virginia St. Ins. Co., 198 Ala. 211, 73 So. 466; Nat. Union F. I. Co. v. O'Rear, 16 Ala. App. 593, 80 So. 167; 2 Cooley's Briefs, 1723, 1744, 1745; 6 Cooley's Briefs, 1744, 1745; 26 C. J. 1232; Dudley v. Continental Ins. Co. (N. H.) 131 A. 354; Jump v. N. British Ins. Co., 44 Wash. 596, 87 P. 928, 12 Ann. Cas. 257; Meiswinkel v. St. Paul F. & M. Ins. Co., 75 Wis. 147, 43

N. W. 669, 6 L. R. A. 200. A breach of a warranty does not merely suspend the policy, but renders it null and void. 26 C. J. 197; McKernan v. North River Ins. Co. (D. C.) 206 F. 984; Jones v. Michigan F. & M. Ins. Co., 132 La. 847, 61 So. 846; Imperial Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231; German Ins. Co. v. Humphrey, 62 Ark. 348, 35 S. W. 428, 54 Am. St. Rep. 297; German Ins. Co. v. Russell, 65 Kan. 373, 69 P. 345, 58 L. R. A. 234; Home Ins. Co. v. Kuhlman, 58 Neb. 488, 78 N. W. 936, 76 Am. St. Rep. 111; Dolliver v. Granite St. F. I. Co., 111 Me. 274, 89 A. 8, 50 L. R. A. (N. S.) 1106, Ann. Cas. 1916C, 765. There is no obligation on the part of the insurance company to return any part of an unearned premium after breach of the policy. Robinson v. Ætna Ins. Co., 135 Ala. 650, 34 So. 18; Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 184.

Lange, Simpson & Brantley, of Birmingham, for appellee.

A breach of the policy merely suspends the policy, and, when the cause of forfeiture ceases, the policy revives. 26 C. J. 197, 198, note 44. Where the word "void" is used in a policy, it is employed in the sense of voidable. Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399; Tedder v. Home Ins. Co., 212 Ala. 627, 103 So. 674. The construction of a policy should be against the insurer. Burnett v. Eufaula Home Ins. Co., 46 Ala. 11, 7 Am. Rep. 581; 14 R. C. L. 926; 3 R. C. L. Supp. 316; Day v. Ins. Co., 177 Ala. 600, 58 So. 549; 40 L. R. A. (N. S.) 652. To render such forfeiture, as here, effectual, the insurer must give prompt notice to the insured and return the unearned premium. 26 C. J. p. 199, note 55–58, p. 350. The courts will inquire as to the true intention of the parties as to whether an instrument is a deed, mortgage, or conditional sale. Eiland v. Radford, 7 Ala. 724, 42 Am. Dec. 610; Thornton v. Pinckard, 157 Ala. 206, 47 So. 289; Nelson v. Wadsworth, 181 Ala. 361; 61 So. 895. The plaintiff having withdrawn its replication, evidence offered in support thereof, if error, was without injury. M. L. & R. Co. v. Walsh, 146 Ala. 295, 40 So. 560; Winfield L. Co. v. Partridge, 202 Ala. 437, 80 So. 821.

GARDNER, J. Suit on a single count by appellee against appellant upon a fire insurance policy to recover for the loss by fire of a certain store, furniture and fixtures, and stock of groceries. The policy was issued in March, 1924, the insurance on the stock of goods being fixed at $1,000, and the furniture and fixtures at $500. The policy contains the stipulation (among others) that—

It "shall be void * * * if any change, other than by death of an insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise."

On May 10, 1924, plaintiff, the insured, entered into a contract with Mrs. T. W. Winn for a sale of the stock of goods, furniture, and fixtures for the sum of $1,100, $400 of which was paid in cash, the remainder payable in monthly installments, evidenced by promissory notes, and secured by a mortgage on the furniture and fixtures. Thereupon plaintiff surrendered full and complete possession to Mrs. Winn. The latter operated the store from the date of purchase until August 12, 1924, at which time she ceased its operation. Plaintiff insists she redelivered the property to him, while Mrs. Winn testified that she turned the store over to her father, who operated it until the fire which occurred about September 2, 1924.

[1] The sale agreement of May 10, 1924, was verbal, with the exception of the execution of the notes and mortgage, and plaintiff testified that it was understood that the title to the property was to remain in him until the purchase price was fully paid. Defendant insists this testimony is wholly inconsistent with the acceptance of a mortgage upon a portion of the property to secure the balance of the purchase price, and in fact a contradiction thereof, and that it should have been excluded. The converse of this proposition was presented in Blue v. Am. Soda Fountain Co., 150 Ala. 165, 43 So. 709, and upon the holding of that authority the evidence here must be held inadmissible. See, also, Bates v. Crowell, 122 Ala. 611, 25 So. 217; Shriner v. Meyer, 171 Ala. 112, 55 So. 156, Ann. Cas. 1913A, 1103. This testimony was given some importance in the oral charge of the court, and upon consideration of the whole record, we are not prepared to hold the ruling was not of a prejudicial character.

[2] So far, however, as a breach of the policy stipulation herein above quoted, is concerned, we are of the opinion the policy condition was breached, whether the contract be held to be an unconditional or conditional sale, as possession of the property was completely surrendered to the purchaser. Such is the effect of the holding of this court in Cardwell v. Virginia, etc., Ins. Co., 198 Ala. 211, 73 So. 466, supported by the authorities generally. 6 Cooley's Briefs, § 1745. Note to Pomeroy v. Ætna Ins. Co., Ann. Cas. 1913C, p. 173; London Assurance Co. v. Dean (Tex. Civ. App.) 281 S. W. 624.

[3] A breach of the policy in these respects was interposed as a defense in this action by various pleas upon which issue was taken. Plaintiff at one time had interposed replication to such pleas, setting up, as an avoidance thereof, that before the fire he had repossessed himself of the property, and

at the time of the loss he alone was the owner thereof and in possession; but upon the trial of the cause plaintiff withdrew all replications, and the cause was tried upon issue joined on defendant's pleas. The pleas above referred to were established by the undisputed proof. The matter of avoidance referred to was necessary to be brought forward by way of replication to the pleas, which replication was withdrawn and out of the case. Therefore, in this state of the pleading, defendant, proving his pleas without dispute, was entitled to the affirmative charge in its favor as requested, and for the refusal thereof the judgment must be reversed.

[4] In view, however, of another trial of the cause, it is well to determine the meritorious question here presented and argued, whether demanded by the exigencies of this appeal or not. Plaintiff insists that notwithstanding the breach on his part of the express condition of the policy against alienation of the property, a reacquisition thereof prior to the fire reinstated the policy, and that during the period of the breach the contract of insurance was merely suspended. This proposition finds support in some of the adjudicated cases. See authorities cited in note 26 C. J. § 240, pp. 196, 197. Doubtless the most extensive argument supporting this contention is to be found in Germania Fire Ins. Co. v. Turley, Ann. Cas. 1917C, p. 931, by the Kentucky Court of Appeals. Some of the authorities cited are based upon statutory provisions, notably the Nebraska decisions, and some earlier cases overruled in subsequent decisions, among them Power v. Ocean Ins. Co., 19 La. 28, 36 Am. Dec. 665, which was overruled by the Louisiana court in Jones & Pickett v. Mich. Fire Ins. Co., 132 La. 847, 61 So. 846. In some of the cases also the language of the policies was entirely different from that under consideration here. Other of these authorities are analyzed and commented upon by the Supreme Court of Maine in Dolliver v. Granite State Fire Ins. Co., 111 Me. 275, 89 A. 8, 50 L. R. A. (N. S.) 1106, Ann. Cas. 1916C, 765, wherein the contrary view is upheld. This latter view is, we think, supported by the weight of authority as well as sound reasoning. 19 Cyc. 709; 26 Corp. Jur. 197. The cases of interest in this connection will be found noted in the authorities above cited, and need not be here set out. Those supporting the view contrary to appellee's contention include decisions of the Supreme Court of the United States, and the states of Massachusetts, New York, Pennsylvania, Maine, New Hampshire, Maryland, Kansas, and Arkansas, among others, many of which are cited in Dolliver v. Granite State Fire Ins. Co., supra.

[5] The provision of the policy against alienation of the property is reasonable and valid, and is one of material importance. By the terms of the contract its violation renders the policy void.

[6] We, of course, recognize the well-established rule that in construing contracts of this character its terms must be construed liberally in favor of the insured and strictly against the insurer, but, as said by this court in Royal Ins. Co. v. Lubelsky, 86 Ala. 530, 5 So. 768:

"While these rules of construction are followed, it is our duty to interpret the contract of the parties as they have made it, and to enforce it according to obvious intention legally expressed, so long at least, as it offends no law or violates no principle of public policy."

A reading of the authorities relied upon in support of plaintiff's contention is persuasive to our minds that the courts so holding have ignored the plain words of the contract in an effort to work out what they conceive to be substantial justice in the particular case. As said by the Supreme Court of Maine in Dolliver v. Granite State Fire Ins. Co., supra:

"Such a construction would seem to be a perversion of the clear and explicit term of the contract—a creation rather than an interpretation."

While the question here presented was not directly involved, yet the language of our court in the following cases clearly indicates the trend of the judicial mind of this state as in line with the conclusion here reached: Royal Ins. Co. v. Lubelsky, supra; Security Co. v. Laird, 182 Ala. 121, 62 So. 182; Robinson v. Ætna Fire Ins. Co., 135 Ala. 650, 34 So. 18; Heyl v. Ætna Ins. Co., 144 Ala. 549, 38 So. 118.

[7] Plaintiff lays some stress upon the case of Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399, wherein is the expression that the word "void" in insurance policies is employed in the sense of voidable, but by this is simply meant that all such stipulations are subject to waiver, as disclosed by the language immediately following, "and any condition inserted in a policy for the benefit of the insurer may be waived by him." This, of course, is the universally recognized rule. In the instant case, there is presented no question of waiver. It is not pretended that the insurer had any notice or knowledge whatever of the breach of this or any other condition of the policy until after the fire.

[8] It is argued that the unearned premium was not returned by the insurer to the insured. Under the circumstances here disclosed, the cases of Robinson v. Ætna Ins. Co., and Security Co. v. Laird, supra, are conclusive to the effect that this insistence is here without merit. The language here involved in this contract is plain and unam-

biguous. The courts cannot make a new contract for the parties. If it is thought that the enforcement by the court of the plain language of the contract results in any hardship, the remedy is with the legislative department, and not the judicial. We have in this state no statute affecting the question so far as our investigation discloses, and none have been directed to our attention by briefs of the respective counsel in this cause.

It results therefore that in our opinion, under the undisputed proof, plaintiff was not entitled to recover.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.