(124 So. 215)

### TUCKER et al. v. ROYAL INS. CO., Limited. (5 Div. 2.)

Supreme Court of Alabama. Oct. 17, 1929.

C. S. Moon, of La Fayette, and Jas. W. Strother, of Dadeville, for appellants.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

GARDNER, J. This suit is to recover on a fire insurance policy. Upon conclusion of the evidence the court gave for defendant the general affirmative charge, and plaintiffs appeal.

Among other defenses interposed, the defendant company pleaded (plea 5) a forfeiture of the policy for a breach of the following provision therein contained: "The entire policy * * * shall be void * * * if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance (except change of occupancy without increase of hazard) whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

■ That the word "interest" in the above quoted clause of the policy is of broader significance than the word "title" embracing both legal and equitable rights, is well established by the authorities. Brighton Beach Racing Ass'n v. Home Ins. Co., 113 App. Div. 728, 99 N. Y. S. 219, 221; Widincamp v. Phenix Ins. Co., 4 Ga. App. 759, 62 S. E. 478; Farmers' Mut. Fire Ins. Co. v. Olson, 74 Ind. App. 449, 129 N. E. 234; Gorsch v. Niagara Fire Ins. Co., 68 Misc. Rep. 344, 123 N. Y. S. 877; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17.

■ It is held in this state, in line with the current of authorities elsewhere (note Pomeroy v. Ætna Ins. Co., Ann. Cas. 1913C, 173; 26 C. J. 233, 234), that where, under a valid contract for the sale of the insured property, the vendee is placed in possession this constitutes a breach of the provision of the policy above noted, and avoids the policy. Cardwell v. Va. State Ins. Co., 198 Ala. 211, 73 So. 466; North River Ins. Co. v. Waddell, 216 Ala. 55, 112 So. 336, 52 A. L. R. 838. The cases of Schloss & Kahn v. Westchester Fire Ins. Co., 141 Ala. 566, 37 So. 701, 109 Am. St. Rep. 58, and Jones v. Capital City Ins. Co., 122 Ala. 421, 25 So. 790, cited by counsel for appellant, are commented upon in the Cardwell Case, supra, and need no further treatment here.

It is without dispute in the evidence that some time prior to the fire plaintiffs had contracted to sell the insured property to one Vines. A deed thereto seems to have been executed, and note and mortgage executed by Vines and wife to plaintiffs; the mortgage being recorded. There is no proof, however, of delivery of the deed, but rather the contrary, and the defense must rest upon the contract signed by the parties which appears in the report of the case, and the mortgage, which may be considered in connection therewith. The contract for the sale of the insured property appears to be valid and binding (11 Michie's Digest, p. 982), and no reason is advanced to the contrary in appellants' brief. We are persuaded also the uncontradicted proof discloses that Vines, the purchaser, was placed in possession of the property. He was instructed by plaintiff to move onto the property and was proceeding to do so when the fire occurred. He had placed his foodstuff for his stock in the barn and on the day of the fire was on the place clearing out a well for one of the tenant houses, the tenant house as well as the main building being vacant, and no one living on the place at that time. So far as here appears, the plaintiffs had "parted with the absolute control and dominion over the property insured." Brighton Beach Racing Ass'n v. Home Ins. Co., supra; Libby v. Pac. States Fire Ins. Co., note 60 A. L. R. 1.

We are constrained to hold, therefore, that the case comes within the influence of Cardwell v. Va. State Ins. Co., supra, and that the action of the trial court in giving the affirmative charge for defendant may properly be rested upon establishment of defendant's plea 5 by the undisputed proof. As this conclusion disposes of the case, other questions presented are pretermitted as unnecessary to be considered.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.