(125 So. 807)

**TARRANT LAND CO. et al. v. PALMETTO FIRE INS. CO.** (6 Div. 483.)

Supreme Court of Alabama. Jan. 16, 1930.

J. K. Brockman, of Birmingham, for appellants.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

FOSTER, J. A bill in equity was filed in this case, seeking subrogation based on the following facts: A policy of fire insurance was issued by appellee to one Casey. Casey later executed a mortgage on the property to a company named in the bill as the Fidelity Building & Loan Association, whereupon a "New York standard mortgage clause was attached to said policy of insurance in favor of" said loan company. Afterward said Casey executed to one Harper a lease sale or conditional sale contract for the sale of the property, a copy of which is attached, and the policy was duly transferred and assigned to him. The policy of insurance is not attached nor otherwise shown, neither is the "mortgage clause." There is copied in the bill a clause prohibiting a change in the interest, title, or possession of the subject of insurance. The house was burned, and the appellee paid the mortgagee, took a transfer of the mortgage, and seeks to enforce it under the right of subrogation and the transfer.

The right of subrogation has been the subject of many decisions and text-writers, and we feel that the principles of law which control the case are in the main settled as follows: When the policy, both by its face and by the intention of the parties, insures the mortgagor for his own benefit and at his own expense, no contract otherwise appearing, payment of the insurance money to the mortgagee goes to the benefit of the mortgagor in satisfaction pro tanto of the mortgage debt, and the insurer is not entitled to subrogation. 26 C. J. 461; Hackett v. Cash, 196 Ala. 403, 72 So. 52; annotations in 52 A. L. R. 278; 7 Cooley's Briefs on Ins. (2d Ed.) 6720.

Where the interest of the mortgagee is separately insured for his own benefit and at his own expense, and a loss occurs before payment of the mortgage, the insurer in paying the mortgagee is entitled to an assignment as a subrogee, and may enforce the mortgage against the mortgagor. 7 Cooley's Briefs on Ins. (2d Ed.) p. 6716; 26 C. J. 461.

But in the former instance, though the mortgagor procures the insurance for his benefit and pays the expense, the insurer upon payment of the loss to the mortgagee is entitled to subrogation, if the mortgage clause provides that the insurance shall be valid and binding for the benefit of the mortgagee only, if by reason of a breach of some term of the policy it has been forfeited as to the mortgagor, and also contains a stipulation looking to an assignment to the insurer of the whole or a part of the securities held by the mortgagee. 7 Cooley's Briefs on Ins. (2d Ed.) 6717, 6718; Hackett v. Cash, supra; annotations in 52 A. L. R. 278–280.

By the weight of authority this right of subrogation is said to be secured, though the clause does not expressly grant it to the insurer, but does expressly insure the mortgagee, notwithstanding defaults of the insured sufficient to avoid it as to him. Authorities supra; First Nat. Bank v. Springfield F. & M. Ins. Co., 104 Kan. 278, 178 P. 413; Hastings v. Westchester F. Ins. Co., 73 N. Y. 141. Though in Massachusetts it was held that this right of subrogation must be expressly stipulated, in order to be effective, notwithstanding the mortgage clause recites that no act of the mortgagor shall affect the rights of the mortgagee. Graves v. Hampden F. Ins. Co., 10 Allen (Mass.) 281; Allen v.

Watertown F. Ins. Co., 132 Mass. 480. This is now said to be controlled by statute in that state. Tabbut v. Am. Ins. Co., 185 Mass. 419, 70 N. E. 430, 102 Am. St. Rep. 353; Jenks v. L. & L. & G. Ins. Co., 206 Mass. 591, 92 N. E. 998.

■ If such clause giving the right of subrogation is conditioned upon a "claim that as to the mortgagor or owner no liability therefor existed," the insurer must not only "claim" nonliability to the mortgagor, but must allege and prove facts which under the policy would entitle it to exemption from liability, to the mortgagor. 7 Cooley's Briefs on Ins. (2d Ed.) 6720.

In order to determine that there is equity in the bill, and that the right of appellee to subrogation exists, as shown by its averments, we must conclude that the bill sufficiently shows facts which under the policy have the effect of avoiding it as to the insured. As we have stated before, the mortgage clause is not shown by this record, other than a statement that it is a New York standard mortgage clause. Counsel for appellee have copied in their brief a clause which they say is in the words of the policy provision, and it is the same as that treated in many authorities.

We have shown that most of the courts extend the right of subrogation, though the clause does not expressly so provide, if it does provide in effect that the policy is binding upon the insurer as to the mortgagee, though forfeited as to the mortgagor or owner on account of the breach of a condition in it. But, in any event, to justify subrogation, there must be a stipulation containing at least one, or possibly both, of such provisions.

■ The allegations of the bill show that the policy was first issued to the owner before the mortgage was made, and when the mortgage was executed the New York standard mortgage clause was attached in favor of the mortgagee. The proper interpretation of such allegation, construed most strongly against the pleader, is that the mortgagor procured the insurance for himself at his own expense, with loss to the mortgagee as his interest may appear, without further stipulation.

■ We cannot judicially know the contents of the New York standard mortgage clause, in the absence of a statute prescribing its terms. Northern Ins. Co. of N. Y. v. Nat. Union F. Ins. Co., 35 Cal. App. 481, 170 P. 434. 7 Cooley's Briefs, supra, p. 6718, sets out two different forms; one it describes as the "union mortgage clause," similar to what appellee has copied in his brief, but not in the record, and another which is said to apply to Maine, Massachusetts, Minnesota, and New Hampshire.

■ The rules which control our interpretation of the bill require that we shall treat its allegations as though there were no special stipulations in the mortgage clause. Doing this, it is necessary that we apply the principle first herein stated, under which appellee is not entitled to subrogation, and therefore we think the bill is not sufficient in its averments as to the terms of the mortgage clause. If, upon a remandment, the bill is amended so as to meet the objection which we have discussed, appellant has argued other objections to the bill which we think we should treat also. Some of them are not specifically referred to in the demurrers, but, being discussed in brief, we will treat them for the benefit of another trial.

■ Appellant contends that the bill cannot be amended so as to permit subrogation, for that the right is dependent upon an agreement, which is, in effect, an assignment of a building and loan mortgage in violation of section 7101, Code. The bill does not show that the mortgagee is a building and loan association organized in Alabama subsequent to February 7, 1893, and therefore that it is subject to section 7101, Code. But, assuming that such may be shown, this court has held that its provisions do not apply to an assignment effectual as a subrogation which is worked out by a principle of law, as distinguished from one which is contractual in nature. Tennessee Valley Bank v. Sewell, 214 Ala. 362, 107 So. 834.

We have shown that the right of subrogation by an insurer as herein described is dependent upon the nature of the insurance contract with respect to the mortgage. The mortgagee is not a party to that contract, though it was made for his benefit. It has not agreed to assign the mortgage, but the right of assignment or subrogation is worked out by an equitable principle insofar as the mortgagee is concerned. While it is dependent upon the nature of the contract, it is not a contract directly with the mortgagee. If the latter accepts the benefits of it, equity requires he shall do the equitable thing in the matter, whether he wishes or not, and if he refuses equity will declare and decree the equitable result. The insurer's rights are protected, though the mortgagee may refuse to assign the mortgage. And, on the other hand, if he does, it is only a compliance with an equitable duty, and not the result of a contract made by him. We think, therefore, that section 7101, Code, does not deprive the chancery court of working out subrogation when the facts exist on which such right arises.

We have also shown that to justify this right there must be, not only a claim that no liability exists as to the mortgagor or owner, but the insurer must allege and prove the

facts which under the policy entitle it to such exemption from liability.

▉ The rule of pleading a breach of the conditions of a policy of insurance is that the pleader must specify the condition claimed to have been violated, and allege the *facts relied on as constituting the breach.* A mere allegation of breach in general terms, using the language of the condition, is not always sufficient, though it is not necessary to allege all the minute circumstances which the testimony will disclose, but the substantial facts must be averred, when it is necessary to state them in order to apprise defendant of the facts to enable it to make an intelligent defense and not be taken by surprise. Girard Fire Ins. Co. v. Boulden (Ala. Sup.) 11 So. 773; Copeland v. Phœnix Ins. Co., 96 Ala. 615, 11 So. 746, 38 Am. St. Rep. 134; Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166; Mutual Life Ins. Co. v. Witte, 190 Ala. 327, 67 So. 263; American Nat. Ins. Co. v. Wright, 205 Ala. 186, 87 So. 577; Hardy v. Branch Bank at Montgomery, 15 Ala. 722, 727; 26 C. J. 500.

▉ There are instances in which an allegation of breach in the language of the policy merely constitutes sufficient detail of averment. Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann. Cas. 1914D, 377; Royal Ins. Co. v. Lubelsky, 86 Ala. 530, 5 So. 768. The bill in this case copies the condition of the policy, in effect avoiding it, if any change takes place in the interest, title, or possession of the subject of the insurance, and then avers that the policy was violated before the loss, in that there was a change in the title, interest, or possession of the subject of insurance. This averment was not sufficient as a compliance with the rules of good pleading. It did not sufficiently apprise the defendant of what was the change of title, interest, or possession which would be relied on by complainant.

▉ There are allegations that the insured executed to one Harper a lease sale or conditional sale contract. But it is not alleged that it was in this respect that the condition was violated. But, if it be so treated, yet the bill does not allege that possession of the property passed to Harper. It seems that it is necessary that the purchaser under a contract of purchase, whether conditional or unconditional, shall be put into possession in order that the contract of sale shall constitute a breach of the condition referred to. Cardwell v. Va. State Ins. Co., 198 Ala. 211, 73 So. 466; North River Ins. Co. v. Waddell, 216 Ala. 55, 112 So. 336. It will also be observed that the bill alleges a due transfer of the policy to Harper, and does not allege it to be without appellee's knowledge and consent. If, therefore, the allegations as to the lease or conditional sale contract are treated as the facts constituting the breach of this clause, they are not sufficient to that end. If they do not constitute the change of interest, title, or possession relied upon, then there is no attempt to state of what such change consisted.

▉ The bill also quotes the clause further as showing that the policy shall be void "if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for 10 days." And it is alleged that the building before the loss "did become vacant or unoccupied and so remained for 10 days." There is no other detail of averment necessary to be made in charging a breach of this nature, except perhaps the date of the breach. The general statement in the language of the policy may suffice to give the information needed by defendant. Royal Ins. Co. v. Lubelsky, 86 Ala. 530, 5 So. 768. There is alleged to be a second mortgage upon the property held by Tarrant Land Company, one of the appellants. It is claiming that any subrogation to the rights of the first mortgagee which may be decreed to appellee should be decreed to be inferior to its rights.

▉ We cannot agree with this contention. If appellee is entitled to the subrogation as claimed, it is because the first mortgage has been kept alive for the benefit of the insurer, and though such first mortgagee may have received its money, the debt was not thereby extinguished. If this is true, appellee acquired all the rights and benefits of such mortgagee. One of them is superiority of the mortgage over all liens which were then inferior to it. One of the main purposes of the doctrine of subrogation is to preserve the relative standing of the liens on the property. Houston v. Branch Bank of Huntsville, 25 Ala. 250; Colvin v. Owens, 22 Ala. 782; Shields v. Pepper, 218 Ala. 379, 118 So. 549; Gable v. Kinney, 219 Ala. 150, 121 So. 511.

The Supreme Court of New York treated this subject as applied to the nature of subrogation here involved. Perretta v. St. Paul F. & M. Ins. Co., 106 Misc. Rep. 91, 174 N. Y. S. 131, affirmed by Appellate Division, 188 App. Div. 983, 177 N. Y. S. 923. But the mortgage clause recited the two mortgages, one first, and then the second, and then gave the right of subrogation to the extent of the claim of the "mortgagee." It was held that the term "mortgagee" referred to both mortgages, and required the insurer to pay them both before it was subrogated to the rights of the first, and therefore it could not enforce such mortgage in superiority to the second. This was because they were both in a single clause giving one right of subrogation to them both. In the instant case it does not appear that the second mortgagee has any rights under the mortgage clause. So that, if there is any subrogation shown to exist in favor of

the insurer as subrogee to the first mortgagee, it thereby succeeds to all the prior rights of such mortgagee, as though no payment had been made by the insurer. It is in effect an equitable assignment and goes with its existing standing.

Our conclusion is that the bill is not sufficient in averment to justify the relief sought, for the reasons we have shown, and that the claim by appellee of the right to the equitable principle of subrogation is not sufficiently supported by allegation. The decree must therefore be reversed, and the cause remanded, to enable appellee to amend the bill if it so desires.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.