158 So. 323

## NATIONAL UNION FIRE INS. CO. v. DEAS.

### I Div. 837.

Supreme Court of Alabama.
Dec. 20, 1934.

Stevens, McCorvey, McLeod, Goode & Turner and C. M. A. Rogers, all of Mobile, for appellant.

F. E. Poole, of Grove Hill, for appellee.

GARDNER, Justice.

Plaintiff's house, insured by defendant company, was, on January 30, 1933, totally destroyed by fire. The property was under two mortgages—the first to the Federal Land Bank, and the second to one Gordon. The policy contained the usual provision that it should be void if any change, other than by death of an insured, should take place in the interest, title, or possession of the subject of

insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise.

Among other defenses interposed, defendant pleaded (pleas 3 and 4) a breach of this provision, in that the mortgage to Gordon had been foreclosed on November 17, 1932; one Gwyn becoming the purchaser at the foreclosure sale. The refusal of the affirmative charge based upon this defense presents the pivotal question in the case, and consideration of all others may well be pretermitted.

■■ The mortgage foreclosure cuts off the equity of redemption, and leaves in the mortgagor only a statutory right, a mere privilege, and so long as that privilege remains unexercised, the risk of loss falls upon the purchaser, and it is to his interest the whole of the property be preserved and protected. Aetna Ins. Co. v. Kacharos, 226 Ala. 504, 147 So. 438, 91 A. L. R. 1432. And, as noted in Capital City Ins. Co. v. Caldwell Bros., 95 Ala. 77, 10 So. 355, ownership and not title is the material factor in assuming risk on improved real estate. This because the law, voicing common experience, presumes that the absolute owner of property will be more watchful of its preservation than would a mere tenant, or one owning only a partial interest.

■ A deed executed by the mortgagor to the mortgagee in lieu of foreclosure (evidently the case in Hartford Fire Ins. Co. v. Aaron, 226 Ala. 430, 147 So. 628), would as there held, constitute a breach of the above-noted policy provision; and in Continental Ins. Co. v. Rotholz, 222 Ala. 574, 133 So. 587, it was readily conceded that a foreclosure of the mortgage would produce a like result. Such a conclusion is supported by both reason and authority. 1 Jones on Mortgages (8th Ed.) par. 521.

We have previously observed that the word "interest" in such policy provision is of broader significance than the word "title," embracing both legal and equitable rights (Tucker v. Royal Ins. Co., 220 Ala. 103, 124 So. 215), and it is clear the foreclosure of a mortgage affects both the interest and title of the mortgagor. "The provision of the policy against alienation of the property is reasonable and valid, and is one of material importance." North River Ins. Co. v. Waddell, 216 Ala. 55, 112 So. 336, 338, 52 A. L. R. 838.

■ As to the proof, it is uncontroverted that the Gordon mortgage was placed in the hands of an attorney, and was, on November 17, 1932, duly foreclosed under the power of sale; one Gwyn becoming the purchaser at the foreclosure sale. It appears that prior to the foreclosure (October 20, 1932), Gwyn and Gordon had entered into a written contract to the effect that Gwyn would bid at the sale $403, making a cash payment of $180, and execute a mortgage to Gordon for the balance—all based upon the assumption that he would be the highest bidder. But Gwyn, the successful bidder, could not meet the cash payment, and the foreclosure deed was not then delivered. It was duly signed on November 17, 1932, the date of foreclosure, and filed for record January 20, 1933. On January 14, 1933, Gwyn executed his quitclaim deed to Gordon for the property described in the mortgage, and sold to him at the foreclosure sale. This deed was also filed for record on January 20, 1933. The quitclaim deed was forwarded to Gwyn by mail for execution, and this deed, together with the foreclosure deed, was handed to Gordon by his attorney, and by Gordon filed for record. All of these matters are uncontroverted.

But plaintiff insists there is a conflict in the proof, and a jury question was presented. True, the attorney for Gordon testifies that, as Gwyn afterwards disclosed he could not make the cash payment, it was arranged he should execute the deed to Gordon in lieu of paying the money, and Gwyn states he never had any agreement with the attorney about the execution of a deed. Gordon also denies any agreement with Gwyn subsequent to foreclosure, but admits the delivery of the two deeds (foreclosure deed and Gwyn's quitclaim to him) by his attorney, and that he filed them for record. Though he does not remember whether or not he read these papers, yet but one conclusion is possible from his testimony, and that is he knew in substance their contents.

Closely analyzed, therefore, there is in reality no conflict of material consequence. Whatever may be said as to any actual previous agreement concerning a quitclaim deed, there is no dispute that such deed was executed by Gwyn and together with the foreclosure deed duly filed for record by Gordon. The parties by their conduct have definitely spoken, and thus have indicated a title in Gwyn as purchaser, and the transfer of such title to Gordon, and is properly to be construed as an admission of title in Gwyn, the purchaser. Blue v. American Soda Fountain, 150 Ala. 165, 43 So. 709; American Soda Fountain Co. v. Blue, 146 Ala. 682, 40 So. 218; North River Ins. Co. v. Waddell, supra. The effect of the whole transaction was

to transfer to Gordon, as a *purchaser*, the title which Gwyn acquired under the mortgage sale. Williams v. Hatch, 38 Ala. 338.

We conclude, therefore, there was a foreclosure of the mortgage with resultant change in the interest and title of the mortgagor, the insured, such as to operate a forefeiture of the policy under the provision first hereinabove noted. The affirmative charge requested by defendant was improperly refused.

Let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.